```
                                            FILED
                                          FEB 18 2014
   UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF COLUMBIA         Clerk, U.S. District & Bankruptcy
                                        Courts for the District of Columbia
```

Brad Kempo,                    )
                               )
       Plaintiff,              )
                               )
   v.                          )    Civil Action No. 14-225 UNA
                               )
Government of the              )
United States of America,      )
                               )
       Defendant.              )
                               )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application to proceed *in forma pauperis* and will dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Vancouver, British Columbia, Canada, suing the United States. In a prolix 64-page complaint, plaintiff seems to accuse Canada, China, and the United States of various misdeeds. The complaint, exemplified by the following statements, is mostly incoherent. Plaintiff alleges that "during the last quarter century," he experienced "(1) military experimentation, (2) hypnosis torture, (3) social, intimacy, professional and financial deprivation and (4) retaliation coercions, intimidation, harassment and fear generation has been and continues to be extremely infantile . . . ." Compl. at 58, ¶ 2.93. The involvement of the United States, the only named defendant, is unclear. Plaintiff alleges that "[t]he DEFENDANT

breached the duty of care it owed him; the duty arising as a result of it and KEMPO being members of NATO 2.0 and the agreement pled *supra*." *Id.* at 59, ¶ 2.94 (capitalizations in original). Plaintiff seeks "[s]pecific performance of all terms of [an unknown] agreement," and an unspecified amount of monetary damages. *Id.* at 64.

The law is clear that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *accord Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it "is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). The instant complaint satisfies this standard and, thus, will be dismissed with prejudice.[1] A separate order accompanies this Memorandum Opinion.

*[signature]*
United States District Judge

Date: February 11, 2014

---

[1] In order to maintain a claim for monetary damages against the United States for certain torts, a plaintiff must exhaust administrative remedies under the Federal Tort Claims Act ("FTCA") by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996); *see also Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). Even if the instant complaint stated a potential claim, it still would be dismissed for want of jurisdiction because there is no indication that plaintiff has exhausted his administrative remedies under the FTCA.